# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE:<br><br>Adam Whittier Bingaman and Kimberly Dawn Bingaman,<br><br>Debtors. | C/A No. 05-13834-JW<br><br>Chapter 7<br><br>ORDER |

This matter comes before the Court upon Motion for a Protective Order ("Motion") filed by Adam Whittier Bingaman and Kimberly Dawn Bingaman ("Debtors"). Debtors move for an order protecting them from a Rule 2004 examination scheduled by Georgia Bank & Trust Company for February 7, 2006.

Debtors filed a voluntary petition for relief on October 14, 2005 under Chapter 7 of the United States Bankruptcy Code. Georgia Bank & Trust Company is listed as a secured creditor in Debtors' Schedules and Statement of Financial Affairs. On January 20, 2006, this Court entered an Order authorizing Georgia Bank & Trust Company to exam Debtors pursuant to Rule 2004 on February 7, 2006. Prior to the expiration of the deadline to object to Debtors' discharge, Debtors' Chapter 7 Trustee moved to extend the time to object to discharge. A hearing on Trustee's motion is also scheduled for February 7, 2006. Debtors' Motion alleges that Georgia Bank & Trust Company may not conduct a Rule 2004 examination because the deadline for Georgia Bank & Trust Company to object to Debtors' discharge has passed and because Georgia Bank & Trust Company is not the proper party to exam Debtor on matters, such as potential crimes, because it is not a United States trustee or attorney general.

Fed. R. Bankr. P. 2004 provides:

**(a) Examination on motion**
On motion of any party in interest, the court may order the examination of any entity.
**(b) Scope of examination**
The examination of an entity under this rule ... may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge.

Fed. R. Bankr. P. 2004.

Debtors are an entity pursuant to 11 U.S.C. § 101(15) and thus subject to examination. Georgia Bank & Trust Company, as a creditor of Debtors, is a "party in interest" and therefore may exam Debtors pursuant to Fed. R. Bankr. P. 2004. See 9 COLLIER ON BANKRUPTCY, § 2004.02[6] at 2004-10 (15th ed. rev. 2000). Nothing in the text of Rule 2004 appears to limit the scope of the examination if the party conducting the examination is not a United States trustee or attorney general and Debtors have not offered case law or other authority interpreting Rule 2004 with such a limitation.

Section (b) of Rule 2004 is written in the disjunctive and sets forth different areas of inquiry. The fact that one area of inquiry may not be relevant or applicable does not preclude a party in interest from exploring other areas permitted by Rule 2004(b). Assuming Georgia Bank & Trust Company may not object to Debtors' discharge, Rule 2004 nevertheless allows Georgia Bank & Trust Company to exam Debtors on their "acts, conduct, or property or to the liabilities and financial condition" The rule also allows Georgia Bank & Trust Company to exam Debtors on any matter that may affect the administration of their estate. See In re GHR Energy Corp., 33 B.R. 451, 453-454 (Bankr. D. Mass. 1983) (holding that the scope of Rule

2004 is broad and akin to a fishing expedition and that Rule 2004 is allowed for the purposes of discovering assets and unearthing fraud). Finally, even if Georgia Bank & Trust Company may not object to Debtors' discharge, the Trustee may nevertheless use any information discovered by Georgia Bank & Trust Company to determine whether she has grounds to object to their discharge or move for the dismissal of Debtors' case, or Georgia Bank & Trust Company may potentially seek to revoke any discharge granted pursuant to 11 U.S.C. § 727(e). See e.g., In re Vance, No. 99-3164, 2000 WL 975174 (7th Cir. 2000) (unpublished) (revoking debtor's discharge for refusing to submit to a post-discharge 2004 examination); In re Stein, 102 B.R. 363 (Bankr. S.D.N.Y. 1989) (noting creditor was allowed to exam debtor post-discharge pursuant to Rule 2004 and creditor based complaint to revoke discharge on the examination). Each of these issues bear upon Debtors' right to a discharge, the final area of inquiry allowed by Rule 2004(b).

Based upon the foregoing, Debtors' Motion for Protective Order is denied.

**AND IT IS SO ORDERED.**

_____
UNITED STATES BANKRUPTCY JUDGE

Columbia, South Carolina,
February 2, 2006